IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JANET YATES
                    PLAINTIFF

vs.                                    Civil No. 4:16-cv-04087

NANCY A. BERRYHILL                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Janet Yates ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion

and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's application for DIB was filed on August 22, 2013.  (Tr. 36).  Plaintiff alleged she

was disabled due to chronic obstructive pulmonary disease (COPD), osteoporosis, hernia,

gastro-esophageal reflux disease (GERD), and problems with her lungs, bladder, and feet.  (Tr. 157).

Plaintiff alleged an onset date of June 1, 2012.  (Tr. 36).  This application was denied initially and

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages
for this case are referenced by the designation "Tr."

1

again upon reconsideration.  (Tr. 63-74, 76-88).  Thereafter, Plaintiff requested an administrative hearing on her application.  (Tr. 97).

Plaintiff's administrative hearing was held on August 25, 2015.  (Tr. 48-61).  Plaintiff was present and was represented by counsel, Greg Giles, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-seven (57) years old and had obtained a GED.  (Tr. 60, 158).

On October 16, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB.  (Tr. 36-43).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017.  (Tr. 38, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2012, the alleged onset date.  (Tr. 38, Finding 2).

The ALJ determined Plaintiff had the severe impairments of  osteoarthritis, degenerative joint disease, asthma, COPD, and obesity.  (Tr. 38, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 39, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 39-43).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work with no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; never climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.  (Tr. 39, Finding 5).

2

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 42, Finding 6). The ALJ found Plaintiff was capable of performing her PRW as a teacher's aide. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 1, 2012 through the date of the decision. (Tr. 43, Finding 7).

On September 20, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 9, 11. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

3

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to find Plaintiff met a Listing, (B) in the RFC determination, and (C) in the Step 4 analysis.  ECF No. 9, Pgs. 3-17.  In

4

response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 11.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities.  A medically determinable impairment  or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included osteoarthritis, degenerative joint disease, asthma, COPD, and obesity.  (Tr. 38, Finding 3).  However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1.  Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff argues she meets a Listing under Section 1.02 for major dysfunction of a joint, 3.02 for chronic respiratory disorder, and 3.03 for asthma.  ECF No. 9, Pgs. 3-15.  Defendant argues Plaintiff has failed to establish she meets theses Listings.  ECF No. 11.

Impairments found under Listing 1.02 for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b

or involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish she is unable to ambulate effectively. Plaintiff has no evidence she has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Further, Plaintiff presented no diagnostic medical evidence showing she has a major dysfunction of a joint characterized by gross anatomical deformity, or findings on medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints.

An "inability to perform fine and gross movements effectively" means an extreme loss of

function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively.

Plaintiff also argues she meets Listings 3.02 for chronic respiratory disorder and 3.03 for asthma. ECF No. 9, Pgs. 10-11. In making this argument, Plaintiff fails to set forth any objective and clinical findings showing evidence of forced vital capacity (FVC) or forced expiratory volume (FEV) at the requisite levels required by these Listings.

According to the record, Plaintiff's FVC was 2.34, which is above the requirement of 1.50 for Listing 3.02B, and her post-bronchodilator FEV was 1.89, which is above 1.65 requirement under Listing 3.03A for asthma. (Tr. 325). Also, Plaintiff failed to establish exacerbations of asthma requiring three hospitalizations within a twelve-month period, a conjunctive requirement under 3.03B. Although, Plaintiff was diagnosed with moderate obstructive ventillatory defect; a pulmonary function test in December 20, 2013 showed minimal obstructive lung defect. (Tr. 326). Finally, physicians who reviewed the pulmonary function testing results found Plaintiff did not meet or equal a Listing. (Tr. 64-69, 82-83).

7

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work with no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and

stairs; never climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (Tr. 39, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 9, Pgs 15-17. However, substantial evidence supports the ALJ's RFC determination.

As discussed by the ALJ, in November 2012 Plaintiff was doing well and denied any complaints. (Tr. 40, 215-216). Also, her physical exam and chest x-ray were unremarkable; and her pulmonary function test showed moderate obstructive ventillatory defect. *Id.* Plaintiff also had normal physical examinations from January 2013 and November 2013. (Tr. 229, 321-323).

On April 4, 2013, after seeing Dr. Cathryn Gonzales, Plaintiff underwent x-rays of her feet, ankles, knees, hips, and lower back and on April 28, 2013 she had a bone density scan. (Tr. 378-388). These tests primarily showed mild or minimal clinical deficits. Plaintiff was again seen by Dr. Gonzales on October 3, 2013 and she denied swelling, weakness, numbness, chest pain, or shortness of breath. (Tr. 351).

Plaintiff was seen by Dr. Robert Klein on April 8, 2014. (Tr. 450-453). According to Dr. Klein, Plaintiff exhibited normal gait, sensation, and muscle tone. *Id.* On May 19, 2014, Dr. Nicole Cotter, examined Plaintiff and found no tenderness, synovitis, laxity, loss of motion, pain, crepitus, or weakness in her hands, elbows, shoulders, hips, knees, ankles, and feet. (Tr. 412-413). X-rays of Plaintiff's feet showed narrowing of the first metatarsophalangeal joint (MTP) with osteophytes, and x-rays of her lumbar spine showed mild narrowing of the L4-5 disk space. *Id.*

On April 30, 2015, Plaintiff was seen by Dr. Carey Alkire. (Tr. 423-426). Plaintiff indicated she was wearing over-the-counter shoe inserts which helped her foot pain. Dr. Alkire indicated there was no urgency for surgery and both feet showed mobile ankle and subtalar joints with strong dorsalis pedis pulse. *Id.*

9

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination.  Plaintiff has the burden of establishing her claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Step 4 Findings

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform her PRW.  Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform her PRW as a teacher's aide.  This Court finds the ALJ's determination that Plaintiff has the RFC to perform her PRW is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his determination.

The ALJ found Plaintiff retained the RFC to perform light work with no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; never climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.  (Tr. 39, Finding 5).  The ALJ went on to find Plaintiff's PRW as a teacher's aid did not require performance of work-related activities precluded by the Plaintiff's RFC.  (Tr. 42).  As a result, the ALJ determined Plaintiff had not been under a disability from June 1, 2012, through the date of the decision.  (Tr. 43, Finding 7).  Plaintiff argues the ALJ erred in his step four determination.

The burden is on the Plaintiff to demonstrate she is unable to return to her past relevant work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir 2004).  While VE testimony at step four is not necessary to determine if a claimant can perform their past work, the ALJ may consider VE

10

testimony.  *Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007).  A VE's response to a properly posed hypothetical question at step four provides substantial evidence to support the ALJ's finding that an individual can perform their past work.  *Depover v. Barnhart,* 349 F.3d 563, 568 (8th Cir. 2003).

The ALJ asked the VE about the exertional demands and skill requirements of Plaintiff's PRW.  (Tr. 54).  In response, the VE testified Plaintiff's work as a teacher's aide was light.  *Id.*  The ALJ then asked the VE a hypothetical question that reflected Plaintiff's vocational factors and RFC to determine whether Plaintiff could perform her PRW.  *Id.*  In response to the ALJ's hypothetical question, the VE testified Plaintiff could perform her PRW as a teacher's aide.  *Id.*  Such testimony, based on a hypothetical question consistent with the record, constitutes substantial evidence.  *See Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005).

Based on the foregoing, I find the ALJ's determination that Plaintiff is able to perform her past relevant work is supported by substantial evidence**.**

## 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **31st the day of July 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE